## JAMES v. STATE.

Feb. 22, 1954

No. 39016 54 Adv. S. 17 70 So. 2d 322

*King & King,* Durant, for appellant.

*John E. Stone,* Asst. Atty. Gen., Jackson, for appellee.

HALL, J.

Appellant was convicted of the murder of Robert Gains and, the jury having failed to agree on his punishment, was sentenced to the penitentiary for life. The only question which he raises on appeal is that at most he should not have been convicted of a greater offense than manslaughter.

There is little dispute in the evidence. The parties are Negroes. Appellant had been going with Mary Gains, the wife of Robert. On Sunday morning, July 20, 1952, appellant had some other Negroes take him to Robert's home. Robert was not at home but Mary was. Appellant told the other Negroes to come back for him in about an hour. He went in and stayed until their return. Then he and Mary got in the car with them and they started up the road and met Robert. He flagged them to stop which they did, and Robert ordered Mary to get out of the car and go home with him. He had his knife open at the time, and appellant pointed his pistol out the car, but another passenger in the car knocked his arm up and told him not to shoot. Robert and Mary started walking on toward their home, and appellant, with the other Negroes, rode away. In a short time appellant requested the driver to turn around and go back, saying that he wanted to talk to Robert and assuring the driver that he would not shoot Robert. They went back and overtook Robert and Mary, and appellant got out of the car with his pistol and started cursing and shooting at Robert. Wounds were inflicted from which Robert died about two hours later. The only substantial conflict between the foregoing and appellant's version is that appellant testified that when

they returned and overtook Robert and Mary he got out of the car, he told Robert that he wanted to talk with him and Robert started toward him and he started shooting at Robert when they were 24 steps apart; he claimed that he was shooting in self-defense because he was afraid of Robert, but admitted that he saw no weapon of any kind in Robert's hand when Robert started toward him. Appellant obtained instructions which submitted to the jury his claim of self-defense. The State obtained instructions which submitted to the jury both the questions of murder and manslaughter. The proof for the state overwhelmingly establishes a case of deliberate murder, and appellant is fortunate in having some member or members of the jury who were unwilling to inflict the death penalty upon him.

Affirmed.

*McGehee, C. J.,* and *Lee, Holmes* and *Ethridge, JJ.,* concur.